# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0078 | **DATE** | January 18, 2013 |
| **CASE TITLE** | Victor Thompson (#2012-0424167) v. Toni Prepwinkle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the filing fee is waived. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated.

■ [**For further details see text below.**]          **Docketing to mail notices.**

## STATEMENT

Plaintiff, formerly an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff challenges the conditions of his confinement at the jail, asserting that he has no privacy when showering or using bathroom facilities.

The Court finds that Plaintiff is unable to prepay the filing fee and grants Plaintiff's motion for leave to proceed *in forma pauperis*. Because he was not incarcerated when he filed suit, the filing fee is waived.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a constitutional claim as a matter of law.

Plaintiff alleges that since his arrival at the jail in October 2012, he is "exposed to the public" when taking showers or using the restroom because there are forty-seven other inmates housed in his pod. Plaintiff contends that he has suffered great stress, anxiety, and embarrassment on account of this exposure.

Plaintiff's allegations fail to state an actionable federal claim. The Court has found no authority to support Plaintiff's position that he is constitutionally entitled to privacy in the bathroom. In general, prisoners have no reasonable expectation of privacy in their cell. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see also Bell v. Wolfish*, 441 U.S. 520, 546 (1979 (pretrial detainees are subject to the same diminished expectation of privacy as convicted prisoners). "[I]t is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement." *Hudson*, 468 U.S. at 527.

**(CONTINUED)**

| | AWL |
|---|---|

Numerous cases in this circuit hold that inmates have no right to be monitored only by correctional officers of the same sex.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson*, monitoring of naked prisoners is not only permissible ... but also sometimes mandatory.... [C]onstant vigilance without regard to the state of the prisoners' dress is essential.... Vigilance over showers, vigilance over cells--vigilance everywhere, which means that guards gaze upon naked inmates.... Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance. Male guards and female guards too.... [F]emale guards ... are bound to see male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs.

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995); *see also Burge v. Murtaugh*, No. 07 CV 0336, 2007 WL 4335461, *2 (N.D. Ind. Dec. 7, 2007) (monitoring of showers and restroom facilities by female correctional officers "does not violate any right to privacy"); *Rojas v. U.S. Marshal Service*, No. 07 CV 0325, 2007 WL 4287573, *2 (N.D. Ind. Dec. 5, 2007) (same); *Hunt v. Widup*, No. 07 CV 0283, 2007 WL 4255810, *3 (N.D. Ind. Nov. 28, 2007) (same); *Taylor v. Widup*, 2007 WL 3256598, *2 (N.D. Ind. ) (Nov. 2, 2007) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order"). As it is firmly established that male and female correctional officers can view prisoners no matter what activity they are engaged in, it follows that Plaintiff has no protected right to privacy from being seen by his fellow detainees.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. This case is ordered closed on the Court's docket.